Exhibit A

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA

J.D.T., a minor child, by and through his
guardians, MARY BETH TYSON and
RYAN TYSON,

Case No.:

    Plaintiff,

vs.

SUWANNEE RIVER AREA COUNCIL OF THE BOY
SCOUTS OF AMERICA, INC., a Florida not for profit
corporation,

and

JOHN DOE,

    Defendants.
_____/

COMES NOW Plaintiff, J.D.T., by and through undersigned counsel, and hereby complains against Defendant, SUWANNEE RIVER AREA COUNCIL OF THE BOY SCOUTS OF AMERICA, INC., a Florida not for profit corporation, and Defendant, JOHN DOE, as follows:

## INTRODUCTION

1.     This case seeks equal access to SUWANNEE RIVER AREA COUNCIL OF THE BOY SCOUTS OF AMERICA, INC (hereinafter "SRAC") events and inclusion for a young child with Down syndrome, as well as slander per se by SRAC and JOHN DOE. This case sets side by side an eleven-year-old child with Down syndrome who is seeking to be included in a SRAC troop for camaraderie, personal growth, education, and fun with an entity that touts its virtues in being

1

inclusive, increasing learning, changing lives, and building healthy minds and bodies for all. Yet SRAC has unilaterally indefinitely suspended this child from all activities, has failed to provide reasonable accommodations to the child, and has unjustly singled the child out for punishment based on hearsay and slander.

2. J.D.T. is an eleven-year-old child with Down syndrome. Defendant SRAC has purposefully and consistently disseminated promotional and marketing materials emphasizing the organizations' inclusiveness of all persons, specifically disabled persons.

3. J.D.T. and his parents file this lawsuit to enforce their rights under the Americans with Disabilities Act for freedom from discrimination and retaliation based on J.D.T.'s disability. The SRAC has illegally discriminated and retaliated against J.D.T. on the basis of his disability and denied him the full and equal enjoyment of the benefits of the SRAC's programs otherwise available to individuals without disabilities.

4. J.D.T. has been slandered per se by SRAC and JOHN DOE, first by JOHN DOE's malicious assertion that J.D.T. had been suspended from his school due to sexual behavior in school, and by SRAC in publishing the patently false statement in internal publications.

## JURISDICTION AND VENUE

5. This is an action for damages that exceed Thirty Thousand Dollars ($30,000.00), exclusive of interest, costs, and attorneys' fees.

6. Venue is proper in this Court as the Plaintiff resides in Leon and the Defendant does business in and is headquartered in Leon County.

## PARTIES

7. J.D.T. is a minor eleven-year-old child with Down syndrome.

8. RYAN TYSON and MARY BETH TYSON are his parents and legal guardians.

9.     Defendant SRAC is a youth organization open to public operating places of public accommodation in Leon County, Florida.

## STATEMENT OF FACTS

10.    On or about February 17, 2022, a letter was issued by TERRY WHITAKER, Scout Executive for the SRAC suspending J.D.T.'s participation in Pack 114 of SRAC indefinitely. Exhibit "A"

11.    On or About February 18, 2022, MARY BETH TYSON and TERRY WHITAKER communicated via telephone concerning the pending investigation initiated by SRAC. Following this telephone conference RYAN and MARY BETH TYSON secured counsel for all communication with SRAC going forward as SRAC was not being transparent with specific allegations.

12.    On February 18, 2022, a letter was issued by undersigned counsel to TERRY WHITAKER of SRAC requesting policy, procedures and guidelines concerning the investigatory process, that allegations against J.D.T. be provided to the TYSONS and undersigned counsel, and that relevant materials concerning the investigation also be turned over to the TYSONS. Exhibit "B"

13.    On February 24, 2022, another letter was issued by undersigned counsel to TERRY WHITAKER of SRAC as no response to the first letter had been made. Exhibit "C"

14.    On February 25, 2022, TERRY WHITAKER issued a response letter to undersigned counsel. Exhibit "D"

15.    WHITAKER's February 25, 2022, response letter states: "SRAC gathers information such as past behavior of the youth involved and/or any previous concerns regarding the youth's behavior."

16. The response letter also states that it was reported by JOHN DOE to SRAC that J.D.T. "engaged in sexual behavior at school resulting in his suspension from the school."

17. This is patently false. J.D.T. has never been suspended from school for sexual behavior or any other behavior.

18. The response letter fails to offer any information concerning the policy, procedures and guidelines concerning the investigatory process, the specific allegations against J.D.T., or relevant materials concerning the investigation.

19. SRAC claims that it cannot turn over any information without being directed to by a Court.

20. J.D.T. has not attended SRAC events since the indefinite "suspension."

21. Other than Exhibit "D", SRAC has not delivered any written communication specifying and detailing the conduct upon which it is basing its decisions, or why the "suspension" remains in place.

22. SRAC has failed to deliver any evidence of J.D.T. harming any other SRAC participant.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION: THE SRAC UNLAWFULLY FAILED TO PROVIDE REASONABLE ACCOMADATIONS TO J.D.T. AS REQUIRED BY TITLE III OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. 12181, *et seq.*

23. Plaintiff incorporates the preceding paragraphs by reference.

24. Title III of the Americans with Disabilities Act requires that SRAC makes reasonable modifications to its practices and procedures to afford J.D.T. a fair and equal opportunity to attend SRAC's events and camps.

4

25. SRAC's conduct in excluding J.D.T. following the Camp and from all future events and refusing to engage in a determination of reasonable accommodations is discriminatory and retaliatory and denied J.D.T. the opportunity to participate in SRAC's events and programs.

26. SRAC has denied J.D.T., based on his disability, the opportunity to participate in SRAC's programs.

27. As a result of SRAC's unlawful discrimination, the Plaintiff has suffered pain and suffering, emotional harm and distress, and other injuries. J.D.T. is losing irreplaceable opportunities for his growth and development and consequently has suffered, and continues to suffer, irreparable injury proximately caused by SRAC.

## SECOND CAUSE OF ACTION: SRAC UNLAWFULLY FAILED TO PROVIDE REASONABLE ACCOMODATIONS TO J.D.T AS REQUIRED BY SECTION 504 OF THE REHABILITATION ACT OF 1973, 29 U.S.C. 794.

28. Plaintiff incorporates by reference the preceding paragraphs.

29. SRAC's conduct in terminating J.D.T. from its programs, denying him the ability to wear his uniform and earned patches, limiting his attendance in after school programs, and refusing him reasonable accommodations is discriminatory and retaliatory and had cut off his opportunity of development and benefit from having participated in such.

30. As a result of SRAC's unlawful discrimination, the Plaintiff has suffered pain and suffering, emotional harm and distress, and other injuries. J.D.T is losing irreplaceable opportunities for his growth and development and consequently has suffered, and continues to suffer, irreparable injury proximately caused by SRAC.

## THIRD CAUSE OF ACTION: SRAC UNLAWFULLY FAILED TO PROVIDE REASONABLE ACCOMADATIONS TO J.D.T AS REQUIRED BY TITLE III OF THE AMERICANS WITH DISABILITIES ACT.

31. Plaintiff incorporates by reference the preceding paragraphs.

32. SRAC's conduct in terminating J.D.T. from its programs, denying him the ability to wear his uniform and earned patches, limiting his attendance in after school programs, and refusing him reasonable accommodations is discriminatory and retaliatory and had cut off his opportunity of development and benefit from having participated in such.

33. As a result of SRAC's unlawful conduct, the Plaintiff has suffered pain and suffering, emotional harm and distress, and other injuries. J.D.T is losing irreplaceable opportunities for his growth and development and consequently has suffered, and continues to suffer, irreparable injury proximately caused by SRAC.

## FOURTH CAUSE OF ACTION: SRAC INTENTIONALLY INFLICTED EMOTIONAL HARM ON THE PLAINTIFF

34. Plaintiff incorporates by reference the preceding paragraphs.

35. SRAC intentionally refused to provide reasonable accommodations to J.D.T. necessary for J.D.T. to fully and equally participate in its programs, denying him the ability to wear his uniform and earned patches, limiting his attendance in after school and other scouting programs and events, and refusing him reasonable accommodations.

36. As a result of SRAC's unlawful discrimination and retaliation against J.D.T., the Plaintiff has suffered pain and suffering, emotional harm and distress, and other injuries. J.D.T/ is losing irreplaceable opportunities for his growth and development and consequently has suffered, and continues to suffer, irreparable injury proximately caused by SRAC.

## FIFTH CAUSE OF ACTION: SRAC DEFAMED J.D.T. PER SE

37. Plaintiff incorporates by reference the preceding paragraphs.

38. SRAC published a false statement imputing serious sexual misconduct to J.D.T. in its internal documents when it repeated the patently false report that he had been suspended from school for engaging in sexual behavior.

39. As a result of SRAC's unlawful defamation against J.D.T., he has suffered pain and suffering, emotional harm and distress, and other injuries. J.D.T/ is losing irreplaceable opportunities for his growth and development and consequently has suffered, and continues to suffer, irreparable injury proximately caused by SRAC.

## SIXTH CAUSE OF ACTION: JOHN DOE SLANDERED J.D.T. PER SE

40. Plaintiff incorporates by reference the preceding paragraphs.

41. JOHN DOE published a false statement imputing serious sexual misconduct to J.D.T. making a malicious report to SRAC that J.D.T. had been suspended from school for engaging in sexual behavior.

42. As a result of JOHN DOE's unlawful slander of J.D.T., he has incurred pain and suffering, emotional harm and distress, and other injuries. J.D.T/ is losing irreplaceable opportunities for his growth and development and consequently has suffered, and continues to suffer, irreparable injury caused by JOHN DOE.

## JURY DEMAND

43. Plaintiff demands a jury trial

## PRAYER FOR RELIEF

Plaintiff prays for:

1. A declaration that Defendant SRAC failed to provide reasonable modifications to its practices and procedures for the benefit of J.D.T. during camp.
2. Injunctive relief requiring that the Defendant prospectively provide reasonable accommodations to J.D.T. in the Defendant's camp, after-school program, and all other SRAC events.
3. Compensatory damages in amount to be determined by the jury of the Defendant's depravation of the civil rights of J.D.T.
4. Punitive damages for SRAC's intentional injurious conduct.
5. Punitive damages for SRAC's and JOHN DOE's intentional defamation of J.D.T.'s character.
6. Attorney's fees, expert witness fees, and costs.
7. Such other relief the Court deems just and proper.

Respectfully Submitted,

/s/ Nicholas D. Fugate
Nicholas D. Fugate, Esq
NICHOLAS D. FUGATE, PA.
P.O. Box 7548
Tallahassee, Florida 32314
(850) 792-5290
ndfugate@nicholasdfugatepa.com

Attorney for Plaintiff



**BOY SCOUTS OF AMERICA**
SUWANNEE RIVER AREA COUNCIL

February 17, 2022

To the Parents of John David Tyson
820 Live Oak Plantation Rd
Tallahassee, FL 32312-2413

Dear parents of John David Tyson,

As you are aware, allegations of inappropriate behavior of a sexual nature and physical aggression toward younger Scouts have been made against your son, John David. Unfortunately, the nature of these allegations requires the Boy Scouts of America to prohibit John David's participation in Scouting until additional information is obtained and an informed decision can be made. This is not to be construed as an indication that the BSA has any opinion on the accuracy or truthfulness of the allegations, but only that the BSA puts its concern for the safety of our Scouts above everything else.

At this time John David must refrain from any involvement in Scouting.

He is not allowed to attend Scouting meetings or activities and may not wear the uniform or otherwise participate in any Scouting activities.

We are also compelled to advise the chartered organization representative and the committee chair of Pack 114 of his status. By copy of this letter they should understand that this action is being taken until additional information is obtained.

We hope you will understand and respect this decision as being made in the best interests of all concerned. We will advise you as soon as we can of any change in John David's status.

Sincerely,

*[signature]*

Scout Executive

cc: Chartered Organization Representative
Committee Chair
Unit Leader
Membership Standards

Suwannee River Area Council
2032 Thomasville Road
Tallahassee, FL 32308
850-576-4146
www.suwanneeriver.net

Prepared. For Life.®

EXHIBIT "A"



# Nicholas D. Fugate, P.A.

P.O. Box 7548　　　　　　　　　　　　　　　　　　　　Telephone: (850) 792-5290
Tallahassee, Florida 32314-7548　　　　　　　　　　　Email: ndfugate@nicholasdfugatepa.com

February 18, 2022

Suwannee Area River Council
2032 Thomasville Road
Tallahassee, Florida 32308

VIA ELECTRONIC MAIL

Re:　John David Tyson

Dear Mr. Whitaker:

Ryan and Mary Beth Tyson have contacted my offices concerning their son, John David, concerning certain allegations of inappropriate behavior. Apparently, these allegations have compelled The Boy Scouts of America, Suwannee River Area Council to prohibit and suspend John David's involvement in BSA and his troop. It is my understanding that an investigation has also been initiated, including questioning of the Tyson's and perhaps others that made the allegations. I have been asked by the Tyson's to come alongside them in navigating this investigatory and disciplinary issue. To that end, I would respectfully request that:

1) All communication concerning the allegations against John David be directed to my offices as well as the Tysons;
2) A written description of the investigatory process and the decision makers involved, including name, title, and decision-making authority be provided.
3) All policies, procedures, rules and guidelines of the BSA, Suwannee River Area Council, and/or Pack 114 that are relevant to these allegations be provided to the Tysons and myself;
4) That all allegations made or reported be provided to the Tysons and myself;
5) That all internal reports, communications, documents, or other relevant materials by and between BSA employees, agents, volunteers or other parties concerning the allegations be preserved and provided to the Tysons and myself.

It is our hope that a swift and amicable resolution can be reached and that BSA can continue to live up to its lofty mission of providing a wholesome environment of inclusion, leadership, and learning for our children in our community, region, and country. We look forward to working with you.

EXHIBIT "B"

Boy Scouts of America Correspondence | John David Tyson
Page 1

Should you have any questions or concerns, please do not hesitate to contact me. Thank you for your prompt attention to this matter.

With Kindest Regards,

Nicholas D. Fugate

cc. Ryan and Mary Beth Tyson

# Nicholas D. Fugate, P.A.

P.O. Box 7548  
Tallahassee, Florida 32314-7548

Telephone: (850) 792-5290  
Email: ndfugate@nicholasdfugatepa.com

February 24, 2022

Suwannee Area River Council  
2032 Thomasville Road  
Tallahassee, Florida 32308

VIA PHYSICAL & ELECTRONIC MAIL

Re:   John David Tyson

Dear Mr. Whitaker:

Last Friday, the attached letter was forwarded to you. Neither I nor my clients have received a response or acknowledgment of the same. We are extremely concerned that as time passes without a response that crucial evidence could be lost or forgotten and opportunities for an amicable resolution may be missed. As it stands, we believe the suspension of John David is a gross overreach and possibly a breach of the American Disability Act, The Florida Civil Rights Act, and perhaps other federal and state laws. Transparency is of the utmost importance in this matter.

Boy Scouts of America prides itself on its inclusive environments and policies, we hope that these are being applied in this matter. Please acknowledge receipt of the original correspondence and forward us the information originally requested.

Thank you for your prompt attention to this matter.

Sincerely,

Nicholas D. Fugate

cc. Ryan and Mary Beth Tyson  
/enclosure


EXHIBIT "C"



Re:   John David Tyson

Dear Mr. Fugate,

This is in response to your letter of February 18, 2022 regarding your client John David Tyson.

It is the BSA's protocol when an allegation of inappropriate behavior is received to issue a cease participation letter to the individual alleged to have engaged in the behavior. As stated in our letter, this is not an indication that the BSA has any opinion as to the veracity of the allegations and only that we must take this action to ensure the safety of Scouts.

As part of this process, the BSA gathers information such as past behavior of the youth involved and/or any previous concerns regarding the youth's behavior. In this instance, it was also reported that John David may have engaged in sexual behavior at school resulting in his suspension from school. This was the reason I reached out to Mrs. Tyson to discuss the matter and provide her an opportunity to correct any inaccuracies in what had been reported.

As a private organization, the Boy Scouts of America considers all membership related documents to be confidential. Such documentation will only be released pursuant to a request from law enforcement or a court order.

While we realize this is difficult for the Tyson family, the BSA must put its concerns for the safety of all Scouts above everything else.

Thank you.

Terry Whitaker

cc: Ryan and Mary Beth Tyson

EXHIBIT "D"



Suwannee River Area Council
2032 Thomasville Road
Tallahassee, FL 32308
850-576-4146
www.suwanneeriver.net

Prepared. For Life.™